■ In the Matter of the Claim of MELINDA SALINAS, Appellant, v KINDERHOOK DINER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 366] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 16, 2002, which established claimant's average weekly wage.

Claimant worked as a waitress for three weeks prior to November 9, 2000 when she slipped on a wet floor and fractured her right hip. She filed a claim for workers' compensation benefits and her case was thereafter established for a work-related injury. Subsequently, a hearing was conducted on the issue of the amount of the average weekly wage attributable to claimant's earnings during her three-week tenure with the primary employer, particularly with respect to her tip income. Based upon a W-2 form issued to claimant by the primary employer indicating that she received total salary and tip income during this time period of $333.91, the Workers' Compensation Law Judge concluded, dividing this figure by three, that claimant's average weekly wage was $111.30. The Workers' Compensation Board agreed with this figure and this appeal by claimant ensued.

Claimant contends that the Board should have included the tip income she earned during the relevant time period but did not report to the employer, which amounted to $266, with the salary and tip income that she did report of $333.91 in computing her average weekly wage. Claimant asserts that the Board's failure to include such income, which would have increased her total earnings to $599.91 and, dividing this figure by three, her average weekly wage to $199.97, renders its decision unsupported by substantial evidence. We disagree. Workers' Compensation Law § 14 provides that workers' compensation benefits are to be paid on the basis of an injured employee's average weekly wage. The pertinent regulations state that tips or gratuities shall be included as part of wages (see 12 NYCRR 357.1 [c]). With regard to the valuation of tips and gratuities, the regulations further provide that: "If the value [has] been arrived at through agreement between an employer and his employees or their respective representatives under a contract of hiring, such value shall be used for the purposes of this law. If such value has not been so established the value shall be the amount reported by the employee to the employer, in writing or otherwise, in accordance with the employer's usual practice" (12 NYCRR 357.1 [c]).

In the case at hand, there is nothing to indicate that there was an agreement between the primary employer and its employees regarding the valuation of tip income. Thus, in accordance with the above regulations, the Board calculated the amount of claimant's average weekly wage based upon the income actually reported by claimant to the primary employer. Notably, the employer's representative testified that claimant filled out an index card each time she worked setting forth the

number of hours she worked as well as the tips earned, and that this information was then conveyed to the accountant who issued the checks. The employer stated that she could not verify the accuracy of the tips reported. Claimant acknowledged that the tips she reported on her index card did not accurately reflect the actual tips she earned, but stated that she followed this procedure based upon the advice of another waitress. She indicated that she kept a record at home of the unreported tips she received, which she disclosed on her 2000 tax return to be $266. Notwithstanding claimant's separate record and tax return, the regulations clearly state that, barring an agreement, the valuation of tip and gratuity income shall be based on the amount actually reported to the employer. Since there is no dispute that the $266 was not reported, the Board's decision to exclude this amount in computing claimant's average weekly salary is supported by substantial evidence.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.